**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-01274-001-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Kelvin Millan-Lopez, | |
| Defendant. | |

The Court has considered Defendant's Motion to Reconsider Order of Detention (Doc. 17), the Government's Response (Doc. 22), and the case file.

Pursuant to 18 U.S.C. § 3142 (f), the Court may reopen a detention hearing at any time prior to trial only if:

> the judicial officer finds that information exists that was not known to the movant at the time of the hearing **and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.**

(emphasis added). "Thus, a defendant must establish two essential elements before the issue of detention may be reopened: 1) that information now exists that was not known to a defendant at the time of the initial hearing, and 2) the new information is material to release conditions regarding flight or dangerousness." *United States v. Bowens*, CR-07-

544-2-PHX-ROS, 2007 WL 2220501, at *1 (D. Ariz., July 31, 2007) (citing *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989)).

Defendant moves to reopen his detention hearing on the basis of his father's willingness to serve as a third-party custodian and proffer a bond. The Defendant has also presented letters from family and friends in his support. At the time Defendant submitted the issue of detention to the Court on August 15, 2023, the Defendant had a close relationship with his father. His father's willingness to serve as a third-party custodian with funds sufficient to post a bond could have been ascertained prior to the detention hearing. In addition, letters of support from family and friends do not constitute new evidence to support reopening the detention hearing. *See United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989) (testimony of family and friends is not new evidence to warrant reopening detention); *United States v. Stanford*, 341 F.App'x 979, 984 (5th Cir. 2009) (affirming trial court's refusal to reopen detention hearing on the basis of "new evidence" from friends, family, and former employees).

Even assuming as true the Defendant has established the first element essential to reopening his detention hearing, the Court finds that he has failed to establish the second essential element. The Court finds that Defendant's father's willingness to serve as a third-party custodian and proffer a bond does not have a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of this Defendant and the safety of the community. The multiple serious reasons for which the Court found Defendant to be a flight risk and a danger continue to exist (Doc. 11). The Defendant has been indicted for offenses for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § § 801 et seq. and 18 U.S.C. § 924(c). The Defendant failed to rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community or any person. Independent of the charges, the Court alternatively found that the Defendant is a flight risk. He attempted to flee at the time of arrest.

For the reasons set forth herein,

1     **IT IS ORDERED** denying Defendant's Motion to Reconsider Order of Detention

2  (Doc. 17).

3     Dated this 13th day of September, 2023.

4

5

6                                    _____
                                     Honorable Eileen S. Willett
7                                    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28